UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**STEPHEN SPILKER,**

        **Plaintiff,**

**v.**                                            **Case No: 6:19-cv-2206-Orl-41DCI**

**EASTERN FLORIDA STATE COLLEGE,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Motion to Dismiss Plaintiff's Complaint and Motion to Strike Plaintiff's Attorneys' Fees Demand (Doc. 22)
>
> **FILED:** December 18, 2019
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

### I. Background

On November 20, 2019, Plaintiff, proceeding *pro se*, initiated this action against Defendant, Eastern Florida State College. Doc. 1 (the Complaint). Plaintiff alleges claims against Defendant for: (1) "deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983"; and (2) "hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a)[.]" Doc. 1 at ¶¶ 1, 8, 9. Plaintiff requests compensatory damages, an award of reasonable attorney fees and costs, and "[s]uch other relief as this court deems just and proper, including

Ordering Defendant to stop civil rights violations and retaliatory actions toward the plaintiff." *Id.* at ¶ 90.

On December 18, 2019, Defendant filed the Motion to Dismiss Plaintiff's Complaint and Motion to Strike Plaintiff's Attorneys' Fees Demand that is now before the Court. Doc. 22 (the Motion). In the Motion, Defendant argues that the Complaint should be dismissed because: (1) Plaintiff's § 1983 claim is barred by Eleventh Amendment immunity (*id.* at 8-11)[1]; (2) Plaintiff failed to state a claim under Title IX (*id.* at 14-22); and (3) the Complaint is an impermissible shotgun pleading (*id.* at 22-24). Defendant also argues that Plaintiff's request for attorney fees should be stricken because a *pro se* Plaintiff is not entitled to recover attorney fees. *Id.* at 24.

On January 7, 2020, Plaintiff filed a response in opposition to the Motion. Doc. 23 (the Response). The gist of the Response appears to be a general argument that Plaintiff has sufficiently stated a claim for relief. *See* Doc. 23. Plaintiff also appears to argue, in a conclusory fashion, that the Complaint does not constitute a shotgun pleading because it was not impulsively filed, that Eleventh Amendment immunity does not apply in this case, and that Defendant's motion to strike Plaintiff's request for attorney's fees should be denied. *See id.*

**II.     Discussion**

Upon review, the undersigned finds that Plaintiff's § 1983 claim is barred by Eleventh Amendment immunity and that the Complaint constitutes a shotgun pleading. However, the undersigned finds no basis to strike Plaintiff's request for attorney fees at this time. Accordingly, the Motion is due to be granted in part and denied in part.

---

[1] Defendant presents other bases for dismissing Plaintiff's § 1983 claim. *See* Doc. 22 at 11-14. However, because Eleventh Amendment immunity is dispositive of this issue, the undersigned does not address those bases in this Report.

### A.  § 1983 Claim

The undersigned agrees with Defendant that, as to Plaintiff's § 1983 claim, Defendant has immunity from suit pursuant to the Eleventh Amendment.

#### i.  **Defendant is Protected Under the Eleventh Amendment**

Defendant contends that the Eleventh Amendment provides immunity against Plaintiff's § 1983 claim. *See* Doc. 22 at 8-11.  The Eleventh Amendment is an absolute bar to a § 1983 suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities.  *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).  Eleventh Amendment protection "depends on whether or not [the defendant] is an 'arm of the state.'"  *Morris v. Wallace Cmty. College-Selma*, 125 F. Supp. 2d 1315, 1335 (S.D. Ala. 2001) (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)).  Community colleges under the Florida K–20 Educational Code are "arm[s] of the state" for Eleventh Amendment purposes.  *Williams v. Dist. Bd. of Trs. of Edison Cmty. Coll., Fla.*, 421 F.3d 1190, 1194–95 (11th Cir. 2005).

Here, Defendant is protected by the Eleventh Amendment because it is a community college.  Defendant is a "Florida College System institution."  Fla. Stat. § 1000.21(3)(a).  Within the Florida College System, the term "community college" is used synonymously to describe all member institutions, regardless of their actual name.  *See* Fla. Stat. § 1004.66 ("Whenever the terms 'Florida College System institution,' 'community college,' and 'junior college' appear in the Florida Statutes in reference to a tax-supported institution, they shall be construed identically."). As a Florida College System institution, Defendant is accurately described as a community college.  Accordingly, Defendant is an "arm of the state" and is entitled to Eleventh Amendment protection.

### ii.     Defendant Has Not Waived Eleventh Amendment Immunity

Because Defendant is entitled to Eleventh Amendment immunity, this right may only be abridged by waiver or congressional abrogation. *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986); *Shedrick v. Dist. Bd. of Trs. of Miami-Dade Coll.*, 941 F. Supp. 2d 1348, 1359 (S.D. Fla. 2013). Whether waiver has occurred is a "stringent" inquiry. *Shedrick*, 941 F. Supp. 2d at 1359. Waiver only occurs where there is a clear declaration that the sovereign entity intends to submit to federal jurisdiction. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999). Although states may elect to waive immunity in their own courts, waivers of this nature do not presumptively extend to federal courts. *Schopler v. Bliss*, 903 F.2d 1373, 1379 (11th Cir. 1990); *Henry-Evans ex rel. Henry v. Fla. Dep't of Corr.*, No. 6:06CV199ORL31DAB, 2006 WL 1517139, at *2 (M.D. Fla. May 24, 2006).

Here, there is no evidence that Defendant has waived its Eleventh Amendment protection. To the contrary, Defendant has explicitly asserted its immunity from this suit. (*See, e.g.*, Doc. 22 at 8-11). Further, Florida law states "no [section of the Florida Statutes] . . . shall be construed to waive the immunity of the state or any of its agencies from suit in federal court." Fla. Stat. § 768.28(18). Florida law waives sovereign immunity regarding specific tort claims in *state* courts. Fla. Stat. § 768.28(1). However, such a waiver does not grant this Court the same jurisdiction. Therefore, Defendant has not waived its eleventh amendment immunity from federal jurisdiction.

### iii.     *Ex Parte Young* Exception Does Not Apply

Parties may bring suit against state officers under the *Ex Parte Young* exception to the Eleventh Amendment. *Milward v. Shaheen*, 148 F. Supp. 3d 1341, 1346 (M.D. Fla. 2015), *vacated and remanded sub nom. Jane Doe I v. Valencia Coll. Bd. of Trustees*, 838 F.3d 1207 (11th Cir. 2016). This exception allows suits against state officers in which plaintiffs seek "*prospective*

equitable relief to end continuing violations of federal law." *Id.* (quoting *McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001)). However, the Eleventh Amendment nonetheless protects state governments *and their instrumentalities* against monetary and equitable relief. *Id.* The Eleventh Amendment "does not permit suit against state agencies or the state itself, even when the relief is prospective." *Eubank v. Leslie*, 210 Fed. Appx. 837, 844 (11th Cir. 2006).

As an "arm of the state," Defendant is not subject to the *Ex Parte Young* exception to the Eleventh Amendment. *See Redondo v. District Board of Trustees of Eastern Florida State College, Florida,* Case No. 6:15-cv-1818-40-DAB, Doc. 37 at 3-6 (finding that the same Defendant in the instant case is an arm of the state for Eleventh Amendment purposes). Defendant's Board of Trustees is also not subject to the *Ex Parte Young* exception; multiple courts have held that a school's board of trustees is not an officer of the state, but a state agency. *See, e.g.*, *Eubank v. Leslie*, 210 F. App'x 837, 844 (11th Cir. 2006) (per curiam) (holding that a university's board of trustees is a state agency); *Steshenko v. Gayrard*, 70 F. Supp. 3d 979, 989 (N.D. Cal. 2014) (concluding that the "Board of Trustees is not a 'state official' under *Ex Parte Young*"). Defendant's Board of Trustees is no different. Because Plaintiff has brought suit against an instrumentality of the state government, the *Ex Parte Young* exception is inapplicable. Thus, Defendant is entitled to sovereign immunity.

The undersigned notes that even if the *Ex Parte Young* exception applied here, in order to retain jurisdiction in such a circumstance, a plaintiff must show "an ongoing violation of federal law and seek[] relief properly characterized as prospective." *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (internal quotation marks omitted). While Plaintiff apparently seeks prospective relief (i.e. requesting relief inclusive of ordering Defendant "to stop civil rights violations and retaliatory actions"), there is no intelligible allegation of an ongoing

violation of federal law, as more fully discussed in this Report. Because the undersigned finds that Plaintiff's § 1983 claim is barred by Eleventh Amendment immunity, the undersigned does not reach Defendant's alternative arguments in favor of dismissing the § 1983 claim.

### B.  Title IX Claim

Defendant moves to dismiss Plaintiff's Title IX claim on several substantive bases, but also moves to dismiss the Complaint as a shotgun pleading. *See* Doc. 22. Because the undersigned finds that the Complaint is a shotgun pleading, the undersigned need not reach Defendant's alternative arguments for dismissal of the Title IX claim.

Defendant argues that the Complaint is a shotgun pleading because Plaintiff fails to plead separate causes of action in separate counts and "creates confusion and uncertainty as to the claims that Plaintiff asserts and the facts connecting each claim." *Id.* at 22. Thus, Defendant argues that the Complaint should be dismissed with prejudice or, in the alternative, that the §1983 claim should be dismissed with prejudice and the remainder of the Complaint be dismissed with leave to amend in compliance with federal pleading standards. *Id.* at 24.

Plaintiff does not appear to expressly contest Defendant's assertion that the Complaint is a shotgun pleading. Rather, Plaintiff states:

> Defendant describes the Plaintiffs' complaint as a "Shotgun Complaint" as if this was impulsive. Evidence will show in a jury trial the Plaintiff was more than patient and understanding in following all the proper administrative remedies before bringing this action to the United States District Court.

Doc. 23 at 2. The remainder of Plaintiff's Response appears to be a recitation of facts ostensibly related to the idea that Plaintiff has sufficiently stated a claim for relief. *See* Doc. 23. The Court, however, need not determine whether Plaintiff has failed to state a claim for relief, because the undersigned finds that Defendant correctly argues that the Complaint is a shotgun pleading and should be dismissed on that basis.

The Court must liberally construe *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading, however, must "still comply with procedural rules governing the proper form of pleadings," *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010),[2] because the Court will not "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

"A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Luft v. Citigroup Global Markets Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015) (internal quotation marks omitted). There are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts;" 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic of all types of

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323.

A court faced with a shotgun pleading has the inherent authority to *sua sponte* demand repleader of such complaints. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006) ("Given the district court's proper conclusions that the complaint was a shotgun pleading and that plaintiffs' failed to connect their causes of action to the facts alleged, the proper remedy was to order repleading *sua sponte*."). "This initial repleading order comes with an implicit notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotation marks omitted).

Plaintiff fails to name any counts in the Complaint. *See* Doc. 1. The Complaint includes a section of long, rambling – and, at times, incomprehensible – allegations, but those allegations are not correlated in any manner to any counts. *See id.* at 3-11. The Complaint therefore meets the second category of shotgun pleadings, which involves pleadings that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322 n.12 (listing Eleventh Circuit cases addressing pleadings that are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action). The failure to correlate any of the numerous factual allegations to any count results in Defendant receiving inadequate notice of the claims against them and the grounds upon which each claim rests. Therefore, the undersigned finds this issue alone is reason to dismiss the Complaint.

Additionally, the Complaint meets the third category of shotgun pleadings. Plaintiff has not asserted any counts, and thus does not separate each cause of action or claim for relief into a different count attempted to assert additional counts against Defendant. *See* Doc. 1; *see also Weiland*, 792 F.3d at 1322-23 n.13 (listing Eleventh Circuit cases addressing pleadings that do not separate each cause of action or claim for relief into a different count). Accordingly, the Complaint is due to be dismissed. The only question remaining is whether Plaintiff should be permitted to file a second amended complaint.

A *pro se* plaintiff must generally be given one chance to amend his complaint if the district court dismisses the complaint. *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003). A district court, however, need not allow an amendment where amendment would be futile. *Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.; see Vibe Micro*, 878 F.3d at 1295 (noting that if the plaintiff files an amended complaint with the same deficiencies as the previous complaint the court, depending on the circumstances, may dismiss the case). Here, an amendment to Plaintiff's § 1983 claim would be futile considering the application of sovereign immunity, but with respect to the remainder of the Complaint, it appears that a more carefully drafted pleading might state a claim upon which relief can be granted. *See Silva*, 351 F.3d at 1048-49. Accordingly, in light of Plaintiff's *pro se* status, the undersigned respectfully recommends he be given at least one opportunity to amend.

### C. Attorney Fees

As a final matter, the undersigned finds that the Motion is due to be denied to the extent that it requests Plaintiffs' demand for attorney fees be stricken. Defendant moves to strike Plaintiff's demand for fees because "a *pro se* plaintiff is not entitled to recover attorney's fees . . . ." Doc. 22 at 24. In response, Plaintiff points out that while he is currently proceeding *pro se*, Plaintiff is not prohibited from obtaining an attorney in the future. *See* Doc. 23 at 8. The possibility remains that Plaintiff will obtain counsel later in this action. Accordingly, the undersigned finds no basis to strike Plaintiff's request for attorney fees at this time. *See, e.g.*, *Adams v. Green Tree Servicing, LLC*, 2015 WL 685791 at *3 (M.D. Fla. Feb. 18, 2015).

### III. Conclusion

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 22) be **GRANTED** to the extent that Plaintiff's § 1983 claim be **DISMISSED with prejudice.**

2. The Motion (Doc. 22) be **GRANTED** to the extent that the remainder of the Complaint (Doc. 1) be **DISMISSED without prejudice.**

3. Plaintiff be allowed to file an amended complaint within 21 days from the date of the order adopting this Report and Recommendation (if adopted) that must allege a cause of action upon which relief may be granted and complies with the Federal Rules of Civil Procedure and the Local Rules of this Court as well as the following directives:

    a. Plaintiff must state what rights under state law, the Constitution, laws, or treaties of the United States or otherwise have allegedly been violated by each defendant;[3]

---

[3] It is improper for Plaintiff to merely list constitutional rights, federal statutes, and state statutes.

  b.  Plaintiff shall set forth each claim in a separate count;[4]

  c.  Plaintiff must set forth a short plain statement of facts as to each claim and state each defendant's involvement in the violation alleged in each claim;

  d.  Plaintiff must show how he has been damaged or injured by the actions and/or omissions of the defendant(s); and

  e.  Plaintiff shall set forth a clear statement of the relief sought for each claim;

4. Plaintiff be admonished that:

  a. The amended complaint must include all of Plaintiff's claims in this action and should not refer back to the Complaint (Doc. 1); and

  b. Failure to comply with the above requirements may result in the case being dismissed without further warning; and

5. The Motion (Doc. 22) be **DENIED** in all other respects.

## NOTICE TO PARTIES

  A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

  Recommended in Orlando, Florida on February 11, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[4] "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy